JOHNSON BROTHERS GROCERY, INC. v. STATE, DEPARTMENT OF HIGHWAYS.

229 N. W. 2d 504.

May 9, 1975—No. 44925.

*Warren Spannaus,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *Donald E. Notvik,* Special Assistant Attorney General, for appellant.

*Rowland & Mertensotto* and *John C. Rowland,* for respondent.

ROGOSHESKE, JUSTICE.

Appeal from an order of the district court granting Johnson Brothers Grocery, Inc. (Johnson), a writ of mandamus compelling the State of Minnesota to commence condemnation proceedings to compensate Johnson for the constitutional taking effected by orders of the commissioner of highways closing an access opening to Interstate Highway No. 94 (I-94), a divided, four-lane, limited-access highway, formerly designated as Trunk Highway No. 12. We affirm.

Johnson is the owner of 6.61 acres located on the north side of Hudson Road between Frank and Griffith Streets in St. Paul and presently operates a large retail liquor store on the premises.

In 1933, Hudson Road (then called Hastings Avenue) was designated by order of the commissioner of highways as the temporary location of Trunk Highway No. 12. At that time, the owner of the property had direct and unlimited access to that conventional two-lane highway, the main state highway between St. Paul and Hudson, Wisconsin. By subsequent orders of the highway commissioner and by subsequent construction during the late 1940's, the main four lanes of No. 12 were shifted to a new and permanent location parallel to and immediately south of Hudson Road. Hudson Road, which abuts the Johnson property, was included within the right-of-way of No. 12, and an access opening was created between Hudson Road and the main eastbound and westbound lanes at a point immediately across

from the Johnson property. As a part of the same construction project, Hudson Road was curved to the north to join with Griffith Street, and condemnation proceedings were instituted in 1946 to compensate the Johnson property owner for a partial taking of the southeast corner of the property to accomplish the curve.

At the completion of the construction of No. 12 in the late 1940's, both eastbound and the westbound lanes of No. 12 remained accessible from the Johnson property by a driver's exiting from the Johnson parking lot, crossing Hudson Road, and then proceeding through the access opening either to the westbound lane or by means of a crossover to the eastbound lane.

At some time prior to 1971, the crossover between the lanes was closed, leaving access from Hudson Road to the westbound lane only. In 1973, by amended access order, the access opening between No. 12 and Hudson Road was closed as a part of a construction project to upgrade No. 12 to interstate highway standards as I-94. That closing had the effect of preventing access to the main lanes from the Johnson property except by a very circuitous route through city streets, converting Hudson Road at that point into a frontage road, and precipitating this mandamus action. This is more clearly demonstrated by the attached photograph, which petitioner introduced as an exhibit.

The sole issue presented is whether the 1973 closing of the access opening between Hudson Road and the main lanes of No. 12, now I-94, constituted a taking of private property for which compensation must be paid under Minn. Const. art. 1, § 13. The trial court concluded that there was a taking of reasonably convenient and suitable access in the constitutional sense requiring compensation and accordingly granted the writ of mandamus. We are compelled to affirm under the controlling authority of Hendrickson v. State, 267 Minn. 436, 127 N. W. 2d 165 (1965).

The Hendrickson case involved a motel which lost its direct access to a highway when the highway was converted to a frontage road by the construction of a new limited-access main

thoroughfare adjacent to the former main highway. We held that any diminution in market value of the property caused by substantial impairment of the right to reasonably convenient and suitable access to the main thoroughfare in at least one direction is a deprivation of property for which compensation must be paid.

In this case, such impairment was effected in two steps. The first step occurred in the 1940's when the new roadbed was built immediately south of, and parallel to, Hudson Road. Although the property owner was compensated for the taking of his property which was effected by the redirection of Hudson Road at that time, the record under review does not reveal any compensation for a partial limitation of access which may have occurred. The second and final step was accomplished by the closing of the access opening in 1973. Considering these actions of the state in conjunction, we hold that a constitutional taking for which compensation must be made has occurred which is factually and legally indistinguishable from the Hendrickson case. See, also, State, by Mondale, v. Gannons Inc. 275 Minn. 14, 145 N. W. 2d 321 (1966); State, by Mattson, v. Prow's Motel, Inc. 285 Minn. 1, 171 N. W. 2d 83 (1969); Note, 49 Minn. L. Rev. 93, 198. Cf. Recke v. State, 298 Minn. 500, 215 N. W. 2d 786 (1974).

Affirmed.

Permanent Highway 12 being upgraded to interstate standards, ca. 1974.

Access opening closed by 1973 order in upgrading to I-94.

Johnson Banking Co.

Hudson Road, formerly Hastings Avenue, previous location of temporary Highway 12.

1973 SKYLINE PHOTOGRAPHY INC., Eden, Minn.