COURTEAUS, INC., petitioner,
Appellant,

and

Mounds Park Lounge, Inc., Robert J. Morrison and Mathew L. Pilla, petitioners, Appellants,

v.

STATE of Minnesota, DEPARTMENT OF HIGHWAYS, By Warren SPANNAUS, Its Attorney General, and by Ray Lappegaard, Its Commissioner of Highways, Respondents.

No. 48113.

Supreme Court of Minnesota.

June 23, 1978.

John C. Rowland, Rowland & Mertensotto, St. Paul, for appellants.

Warren Spannaus, Atty. Gen., Eric B. Schultz, Deputy Atty. Gen., Donald E. Notvik, Special Asst. Atty. Gen., St. Paul, for respondents.

Heard before ROGOSHESKE, PETER-SON, and SCOTT, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

This is a consolidated appeal by two adjoining landowners from a refusal of the trial court to issue writs of mandamus to commence condemnation proceedings to compensate them for diminution of value in their real property upon their claim of a constitutional taking of their right of access to Interstate Highway No. 94 (I–94). We hold, contrary to petitioners' principal contention, that our prior decision upholding a compensable taking of lands situated about 2 blocks east of the subject properties in *Johnson Bros. Grocery v. State, Dept. of Highways,* 304 Minn. 75, 229 N.W.2d 504 (1975), is not controlling and that petitioners have not been deprived of any property right for which they are entitled to compensation. We affirm the trial court's decision.

Petitioners, Courteaus, Inc., and Mounds Park Lounge, Inc., own Lots 18 and 19, respectively in Block 4, H. F. Schwabes Addition to St. Paul. Lots 18 and 19, the second and third lots east of Earl Street, abut Hudson Road on the north. In October 1973, the stipulated date of the alleged taking of their right of access, Courteaus operated an off-sale liquor store on Lot 18, and Mounds Park Lounge operated an on-sale liquor and restaurant establishment on Lot 19.

As more particularly detailed in *Johnson Bros. Grocery v. State, Dept. of Highways, supra,* in 1933 Hudson Road (then called Hastings Avenue) was designated as temporary Trunk Highway No. 12 by an order of the commissioner of highways. At that time, petitioners had unlimited direct access to that conventional two-lane highway. In conformance with the commissioner's subsequent order, the location of Highway No. 12 was permanently shifted to a four-lane, controlled-access highway constructed on a new location parallel and immediately south of Hudson Road. The north lane of the new highway, acquired in the 1940's, paralleled the south lane of the paved portion of

Hudson Road, and the new highway right-of-way encompassed about 22 to 23 feet of Hudson Road south of the subject properties. When the four-lane highway was constructed about 1946, Hudson Road became a frontage road and access to Hudson Road from the subject properties was unaffected. Access to both eastbound and westbound lanes of Highway No. 12 was provided at or near Johnson Parkway, approximately 2 blocks east of the subject properties; access ramps to and from the eastbound lane were provided at Earl Street, accessible from the subject properties by crossing Highway No. 12 on the Earl Street bridge; and an entrance ramp to the westbound lane was located at Cypress Street, 1 block west of the subject properties.

In October 1973, in the course of upgrading Highway No. 12 to interstate freeway standards as I–94, the access openings to Highway No. 12 near petitioners' property at Johnson Parkway, Earl Street, and Cypress Street were all closed. Since that time, the access openings to I–94 nearest the subject properties are all slightly more than 1 mile away.

Petitioners allege that these access routes to their property are unreasonably circuitous and that the closing of the nearer access openings in 1973 amounted to an unconstitutional taking of petitioners' right of access, for which they should be compensated. The trial court found that petitioners were not deprived of any property right for which they are entitled to compensation. Judgment was ordered denying the requested relief, and petitioners' post-trial motion for amended findings of fact, conclusions of law, and order for judgment was denied.

Minn.Const. art. 1, § 13, provides that "[p]rivate property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." Under Minn.St. 160.08, subd. 5, elimination of an abutting property owner's access to an existing street or highway in the course of upgrading that roadway to a controlled-access highway is treated as the taking of a property right for which the owner shall be compensated by purchase or condemnation.

In *Hendrickson v. State*, 267 Minn. 436, 127 N.W.2d 165 (1964), we recognized that an abutting property owner has a right to compensation for an unreasonable restriction of his formerly direct access to a conventional highway which was converted to a controlled-access thoroughfare on the existing and abutting right-of-way. We required, however, that in order for the plaintiff to receive compensation for unreasonable restriction of access "[t]he damage to [plaintiff] must be different in kind and not merely in degree from that experienced by the general public." 267 Minn. 442, 127 N.W.2d 170. We also recognized as a general principle that, while the denial of an abutting landowner's access to the existing highway may be compensable, "compensation need not be paid for the relocation of a highway diverting the main flow of traffic." 267 Minn. 445, 127 N.W.2d 172. We said:

> " * * * [A] property owner has no vested interest in the continued flow of the main stream of through traffic, and the state may divert it to a new location without being liable for consequential economic losses which owners abutting on the old highway may sustain." 267 Minn. 442, 127 N.W.2d 170.

In *Recke v. State*, 298 Minn. 500, 215 N.W.2d 786 (1974), we applied these principles of *Hendrickson* to deny compensation. In *Recke*, a motel abutting on Highways No. 169 and No. 212 sought compensation for a decline in property value that resulted when the state relocated and reconstructed Highways No. 169 and No. 212 on a new right-of-way which was some distance from plaintiff's property and which did not abut that property. The plaintiff there retained exactly the same access to the old highway as she had before the relocation of Highways No. 169 and No. 212. We found no compensable taking of property under the principle that—

> " * * * compensation need not be paid for damages caused by the relocation of a highway which results in a diversion of the main flow of traffic. There is no vested right to the flow of traffic under these circumstances." 298 Minn. 504, 215 N.W.2d 788.

In *Johnson Bros. Grocery v. State, Dept. of Highways*, 304 Minn. 75, 77, 229 N.W.2d 504, 505, we applied the principles recognized in *Hendrickson* as "controlling authority" to award compensation to an abutting landowner for the same closing of access to Highway No. 12 which is in issue in the present case. In *Johnson Brothers*, a large retail liquor store located about 2 blocks east of the subject properties on Hudson Road sought compensation for the closing in 1973 of the direct-access opening to Highway No. 12 at Johnson Parkway. That access opening, pictured in our opinion, 304 Minn. 79, 229 N.W.2d 506, was directly across Hudson Road from the Johnson Brothers property. The right-of-way acquired in the 1940's for Highway No. 12 encompassed Hudson Road at the point of the Johnson Brothers property and abutted that property. Upon those facts, we held that "a constitutional taking for which compensation must be made" to Johnson Brothers had occurred in two steps. The first step occurred in the 1940's when a new roadbed for Highway No. 12 was built upon a new right-of-way which abutted the Johnson Brothers property. The second step was the closing in 1973 of the direct access which had been provided for the Johnson Brothers property to the rebuilt Highway No. 12. We affirmed the trial court's order granting a writ of mandamus compelling the state to commence condemnation proceedings to compensate Johnson Brothers in that case.

Upon the facts of the present case, we find, contrary to petitioners' contention, that *Johnson Brothers* is not controlling. Petitioners' land abuts Hudson Road, but it does not abut the right-of-way which was constructed in the 1940's. Petitioners retain the same direct access to Hudson Road that they always have had; they never were afforded, nor did they possess, direct access to Highway No. 12. The Johnson Brothers property abutted both Hudson Road and the right-of-way acquired for the highway in the 1940's, and that abutting property was afforded a direct-access open-

ing to the highway which was taken in 1973. Upon those facts, Johnson Brothers suffered special damage different in kind from that experienced by the general public, and we were compelled to order compensation under the controlling authority of *Hendrickson v. State, supra.*

Under the principle announced in *Hendrickson* and followed in *Recke*, it is clear that petitioners or their predecessors in interest suffered no compensable taking of access rights in the 1940's when the state relocated Highway No. 12, diverting the main flow of traffic to a new right-of-way which did not abut petitioners' property. From that time, petitioners' property shared with the general public three indirect-access openings to the newly built highway which were within 2 blocks of their property. Since the relocation of Highway No. 12 in the 1940's, unlike *Johnson Brothers,* petitioners and their predecessors never have been abutting property owners and never have had direct access to that highway. As we said in *Hendrickson*:

"* * * Those who are not abutting owners have no right to damages merely because access to a conveniently located highway may be denied, causing them to use a more circuitous route." 267 Minn. 436, 442, 127 N.W.2d 165, 170.

We hold that petitioners had no vested property interest in retaining the three indirect-access openings to Highway No. 12 which were closed in 1973; any damage to petitioners was no different in kind from that experienced by the general public; and the closing of those access openings to Highway No. 12 at or near Johnson Parkway, Earl Street, and Cypress Street in 1973 did not constitute a compensable taking of petitioners' property within Minn. Const. art. 1, § 13.

Affirmed.