In the Matter of The Condemnation by the CITY OF CHISAGO CITY of Certain Lands in the City of Chisago City, Appellant,

v.

Leroy G. HOLT and Jean C. Holt, Respondents.

No. C5-84-813.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Mark A. Karney, Roseville, for appellant.

Wellington Tully, Jr., Minneapolis, for respondents.

Heard, considered, and decided by LESLIE, P.J., and LANSING and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

This is a condemnation action. The court awarded damages to respondents Holts in the amount of $121,557.53 for land taken by the appellant Chisago City. The City appeals from the denial of its motion for a new trial or, in the alternative, for amended findings of fact and conclusions of law. It alleges that the court improperly considered evidence bearing on value. The Holts seek review of the original judgment, alleging that they were entitled to greater damages. We affirm.

## FACTS

The Holts own a parcel of land located in Chisago County, Minnesota, consisting of approximately twelve acres. The parcel lies in the northerly portion of Chisago City along State Highway Number 8. The south line of the property abuts the highway. Prior to the condemnation, there were three access points to the highway along the south line. In late 1981, appellant brought a condemnation proceeding pursuant to the "quick-take" provision of Minn.Stat. § 117.042, and proceeded to take the access to Highway 8, .71 acres along the north side of the parcel, and a permanent easement approximately 10 × 200 feet south of and adjacent to the .71 acres. A hearing was held on January 8, 1982, at which time the City took the above lands.

As required by statute, three commissioners were appointed to hear the evidence and assess damages. The commissioners awarded the Holts damages in the amount of $53,106, plus an appraisal fee of $300. They also required the City to furnish three access points to a new detached service road built along the north side of the parcel serving Holts' property and other properties. The award was filed on July 1, 1982. Both the City and the Holts appealed from the award.

The case was tried before the court, without a jury, on August 29, 1983. Prior

to trial, the City had provided a service road with three points of access to Holts' remaining land. The service road was set back one block (800 feet) from Highway 8. Direct access between Holts' land and Highway 8 was extinguished. The shortest route required travelling at least two and one-half blocks and making at least two turns.

Appraisers for both parties agreed that the land's highest use was commercial. The City's appraiser testified that the .71 acre taking resulted in a $6,455 loss to the Holts; he did not believe that the loss of direct access to Highway 8 damaged their remaining property. The Holts' two appraisers testified that the greatest damage was caused by an adverse change in quality of access. They valued the total damage, including both the .71 acre taking and the loss of direct access to the remaining property, at $89,270 and $105,000 respectively. In addition, the Holts testified that the taking required them to build a new gravel road to an existing building on their land at a cost of $5,000.

The trial court awarded the Holts the sum of $121,557.53. Of this total, the court determined $89,000 as damages using the standard "before and after market value" rule and deducted the special benefits of the new road. The court added $5,000 for the cost of a new gravel road to the building, and $27,557.53 for the cost of the new service road that the City had assessed against the Holts' property.

### ISSUES

1. Was the court's award of damages for loss of value based on the evidence?

2. Did the court err by awarding the assessments levied against the Holts' property?

### ANALYSIS

#### I.

Damages as a result of loss of direct access.

A. The City argues that the property sustained no damage as a result of loss of access to Highway No. 8 because its prime attraction was its visibility from Highway No. 8, which remained after the taking in spite of the resultant indirect and circuitous route.

The trial court rejected this theory as we do. Minnesota case law has long recognized that a landowner is entitled to compensation where his direct right of access is taken, even though other, but less satisfactory, means of access are made available. *See, e.g., City of St. Louis Park v. The Almor Company,* 313 N.W.2d 606 (Minn.1981); *Johnson Brothers Grocery, Inc. v. State, Department of Highways,* 304 Minn. 75, 229 N.W.2d 504 (1975), *Hendrickson v. State,* 267 Minn. 436, 127 N.W.2d 165 (1964).

The general rule for damages in a condemnation action is that the owner is entitled to the difference in market value immediately before the taking and the market value of the remaining tract after the taking, excluding from consideration general benefits and *deducting special benefits. State by Lord v. Hayden Miller Company,* 263 Minn. 29, 116 N.W.2d 535 (1962). This estimate of market value can be based upon the highest and best use to which the property can reasonably be put in the foreseeable future or for which the property is best suited even if that use is not the present use at the time of the condemnation proceeding. The highest and best use of the property in question is commercial development.

Any dimunition in market value of the property caused by the substantial impairment of the right to reasonably convenient and suitable access to the main thoroughfare in at least one direction is a deprivation of property for which compensation must be paid. *Hendrickson* 267 Minn. at 446, 127 N.W.2d at 173.

There is sufficient evidence in the record to support the trial court's determination of damages which was reduced by the special benefit of the new road.

■ B. Holts argue that the damage award was inadequate. They maintain that damages ought to have been measured as of the date of taking rather than as of the date of the commissioners' award. On the date of the "quick take," their property was formally landlocked. Three access points to the new service road were provided a few months later pursuant to the directive of the commissioners.

In *City of St. Louis Park v. The Almor Co.*, 313 N.W.2d 606, 610 (Minn.1981), the Minnesota Supreme Court stated the general rule that "condemnation damages are assessed as of the date of the commission award." In *Almor* the parties had not reached an agreement regarding access to the landlocked property at the time of trial. In view of these circumstances, the court ruled that speculative cures regarding access should not be admitted into evidence.

In the present case, however, access was provided by the City prior to July 1, 1982, the date of the filing of the award. Furthermore, three accesses to the road were provided by the City pursuant to the directive of the commissioners. The cure was certain; i.e., the certainty of the accesses to the new road. For that reason, the court properly considered evidence of the access and properly measured damages as of the date of the commissioners' award.

## II.

■ The City contends that the court inappropriately awarded $27,557.53 in assessments levied against the Holts' property. Following the commissioners' award that required the City to provide three access points from the new road to Holts' property, the City made the improvements and then assessed road costs to Holts.

The trial court relied on *City of St. Louis Park v. Engell*, 283 Minn. 309, 168 N.W.2d 3 (1969), in support of admitting the assessment evidence. In *Engell*, the City took a portion of property for an easement for street purposes. New sewers were considered to be a special benefit. The City attempted to deduct the amount of special benefits from the condemnation award. The court stated:

> If the rule were otherwise and damages resulting from condemnation proceedings were offset by special benefits and, either before or after the condemnation proceedings, a special assessment was levied against that same land for such benefits, the landowner would be required to pay twice for the same benefits. That this denies the landowner the just compensation guaranteed to him by the Federal and State Constitutions has been recognized by an overwhelming majority of the courts in this country.

*Id.* at 315, 168 N.W.2d at 7–8.

The trial court found that a total taking of all accesses did not occur because of the planned access, and, accordingly, reduced Holts' award by the value of the access. By adding the cost of new road (the assessment amount), Holts will not be required to pay for access twice, once when the damages were reduced and again through the special assessment.

At oral argument, Holts agreed that, if the trial court was sustained, they would not contest the amount of the assessment for the road. This court is further of the opinion that the loss of access from the existing gravel road is a taking, and damages of $5,000 were proper.

## DECISION

1. The amount of damages for loss of value was adequately supported by competent evidence.

2. An award equalling the amount of special assessments was appropriate.

We affirm.