**COUNTY OF ANOKA, Petitioner, Respondent,**

v.

**MAEGO, INC., et al., Defendant,**

**Blaine Building Corporation, et al., Appellants (C7–95–1585),**

**FinaServe, Inc., Appellant (C5–95–1584).**

Nos. C5–95–1584, C7–95–1585.

Court of Appeals of Minnesota.

Jan. 2, 1996.

Review Granted March 19, 1996.

Robert M. Johnson, Anoka County Attorney, Daniel A. Klint, Assistant County Attorney, Anoka, for respondent.

John F. Bannigan, Jr., James J. Hanton, Bannigan & Kelly, P.A., St. Paul, for appellants.

Considered and decided by AMUNDSON, P.J., and KLAPHAKE and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Anoka County (the County) constructed a median down the center of University Avenue. This resulted in appellants Blaine State Bank (the Bank) and FinaServe, Inc. (Fina), occupants of abutting property, no longer having direct access to southbound traffic lanes. The County also brought eminent domain actions to take portions of the Bank's and Fina's property in order to widen the road, for which the latter were awarded condemnation damages. The Bank and Fina appealed the awards to the district court. The district court granted partial summary judgment to the County, concluding as a matter of law that: (1) restricting access to one direction was not compensable, and (2) evidence of diminished accessibility was inadmissible to prove fair market value of the remaining property. We affirm the partial summary judgment in favor of the County.

## FACTS

The County brought eminent domain actions to acquire property and temporary easements for road reconstruction along University Avenue in Blaine and Coon Rapids. The project included widening the road and constructing a concrete median down the center of University Avenue.

Parcels 18, 19, 20, and 21 are on the east side of University Avenue adjacent to the northbound lanes of traffic. Before the project, vehicles had access to the parcels from either northbound or southbound lanes. After the median was constructed, only northbound traffic could directly enter and exit the property.

Parcels 18 and 19 are leased by the Bank. Parcel 18, owned by Blaine Building Corporation, has a bank building on it. Parcel 19 is vacant property owned by a partnership named Bacon, Harstad & Savelkoul Company.

Parcels 20 and 21 are owned by Fina. Parcel 20 is vacant. A now vacant commercial building is located on Parcel 21; it was a

convenience store and gas station at the time the County started its condemnation action.

In 1993, the County condemned and took fee title to portions of the Bank's and Fina's properties to widen the road. Court-appointed commissioners awarded both direct damages for the taking and severance damages for the remainder of each of the parcels; the County and the landowners appealed to district court. The district court granted the County's motions for partial summary judgment with respect to both the Bank's and Fina's parcels, concluding that since there was access to northbound traffic, loss of access to southbound traffic alone is not compensable. The district court also concluded that evidence of diminished access is not admissible as a factor to be considered in determining the fair market value of the remaining property for the purpose of calculating severance damages. The cases were consolidated on appeal.

## ISSUES

1. Is appellants' loss of access to southbound traffic a compensable taking?

2. Is evidence of diminished accessibility admissible to determine the fair market value of the remaining property?

## ANALYSIS

■ We must determine whether the district court properly granted partial summary judgment to the County. On appeal from summary judgment, this court reviews whether there are any genuine issues of material fact and whether the district court misapplied the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn. 1979).

**1. Access in One Direction.** The first issue is whether the district court correctly determined as a matter of law that the Bank and Fina are not entitled to claim damages for loss of access to the southbound lanes of traffic.

■ Property owners cannot be denied access to an abutting public highway without compensation. *Hendrickson v. State,* 267

Minn. 436, 440, 127 N.W.2d 165, 169 (1964). The supreme court has held that property owners are "entitled to reasonable access in at least one direction." *Recke v. State,* 298 Minn. 500, 503, 215 N.W.2d 786, 788 (1974) (construing *Hendrickson*). According to the general rule in *Hendrickson,* however, property owners are not entitled to damages resulting from the construction of a median in an abutting highway if they continue to have access in one direction. *State v. Gannons Inc.,* 275 Minn. 14, 19–21, 145 N.W.2d 321, 326–27 (1966); *see also Benson Hotel Corp. v. City of Minneapolis,* 290 Minn. 14, 22, 187 N.W.2d 610, 615 (1971) (city may convert two-way street into one-way without compensating abutting property owners); *City of Chisago City v. Holt,* 360 N.W.2d 390, 392 (Minn.App.1985) (damages proper because access in at least one direction was impaired).

*County of Anoka v. Esmailzadeh,* 498 N.W.2d 58 (Minn.App.1993), *review denied* (Minn. May 28, 1993), created an exception to the general rule. In that case we stated that when

> property abuts *two* highways and the limiting of access to one side of the first highway could have the effect of unreasonably curtailing access from the second, the fact that a median was used on the first highway should not negate the owner's right to access to at least one side of the second highway.

*Id.* at 61. The *Esmailzadeh* exception does not apply in the instant cases, however, because access to only one highway is involved.

The Bank and Fina were compensated for property that was taken from them to widen the road. Having retained access to the northbound traffic lanes, under *Hendrickson,* they are not entitled to additional compensation for loss of access to the southbound traffic lanes. The district court therefore properly granted partial summary judgment on this issue.

■ **2. Evidence of Diminished Accessibility.** The Bank and Fina argue that even if diminished access is not separately compensable, evidence thereof is admissible to prove severance damages.[1] Severance

---

1. These cases were handled by different district court judges. The judge hearing the Fina case

damages are those damages an owner receives where there has been a partial taking of land. *Minneapolis–St. Paul Sanitary Dist. v. Fitzpatrick*, 201 Minn. 442, 456–58, 277 N.W. 394, 402–03 (1937). The measure of severance damages is the difference between the fair market value of the property before the taking and the fair market value of the property remaining after the taking. *State v. Strom*, 493 N.W.2d 554, 558 (Minn. 1992).

■ The Minnesota Constitution provides: "Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." Minn. Const. art. I, § 13. The general rule is that "subject to the caveat that such proof must be competent, relevant and material, evidence of any matter [that] would influence a prospective purchaser and seller in fixing the price at which a sale of the property could be consummated may be considered." *Strom*, 493 N.W.2d at 559.

In *Strom*, a closely divided supreme court held that evidence of construction-related interferences and loss of visibility caused by changes on the property itself was admissible, not as a separate item of damages, but as a factor to be considered by the factfinder in determining the diminution in market value of the remaining property. *Id.* at 556. In that case, property was taken from the landowner for a four-year temporary construction easement. *Id.* at 557. Evidence of construction-related interferences such as vibration, noise, and dust directly associated with that taking was admissible to show reduction in fair market value. *Id.* at 560. In addition, property was taken to raise the frontage road 21 feet. *Id.* at 558. Because this frontage road obstructed the traveling public's view of the property from the new highway, loss of visibility evidence was held to be admissible because the obstruction was caused by changes on the landowner's property. *Id.* at 561.

■ We agree with the district court that *Strom* is distinguishable. The *Strom* court tied the admissibility of evidence for severance damages to physical changes to the property itself. Minnesota law has traditionally recognized property interests in air, view, and light. *See id.* at 558 n. 2 (citing Minn.Stat. § 160.08, subd. 5 (1986)). In the instant cases, however, diminished accessibility does not relate to the physical condition of the property, but solely to a median constructed away from the property. There is no property right to the continuous flow of traffic past one's property. *Recke*, 298 Minn. at 504, 215 N.W.2d at 788.

■ The question becomes whether evidence of diminished accessibility is relevant to severance damages. Any evidence that makes a material fact more or less probable is relevant. Minn.R.Evid. 401. Evidence of diminished accessibility relates to the change in fair market value, so it is relevant under this rule. However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of * * * confusion of the issues, or misleading the jury." Minn.R.Evid. 403. The determination to

> admit or exclude evidence rests within the broad discretion of the trial court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion.

*Uselman v. Uselman*, 464 N.W.2d 130, 138 (Minn.1990).

The district court determined that if the property owners were allowed to introduce the proffered evidence, the jury would likely infer that the diminished access itself was a compensable injury. "Admission of evidence for non-compensable damages can give rise to an inference that those claims are compensable." *Strom*, 493 N.W.2d at 565 (Tomljanovich, J., dissenting). We agree with the district court that evidence of diminished accessibility would confuse and mislead the

decided this issue with respect to Fina in its order dated May 31, 1995. Although the Bank raised this issue below, it appears that the judge hearing the Bank case did not address the issue in its order dated May 4, 1995. At oral argument, however, counsel for the Bank and Fina

pointed out that the question is the same with respect to both parties, and the litigation in both files is interwoven in the trial court. We thus decide the issue in both cases. *See* Minn.R.Civ. App.P. 103.04 (appellate court may address any issue as justice requires).

jury. Even given proper jury instructions, jurors would have difficulty making a distinction between a noncompensable injury and a factor to be considered in determining severance damages. Thus, in cases such as those presently before us, evidence of diminished accessibility is inadmissible because the probative value is substantially outweighed by the danger of misleading and confusing the jury. Admitting such evidence, even for a limited purpose, would consume the rule that limiting access to one direction is noncompensable.

We hold that loss of access in one direction is not compensable and that evidence of diminished accessibility is inadmissible to prove severance damages.

### DECISION

We affirm partial summary judgment in favor of the County.

**Affirmed.**