*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0672**

Cannon Falls Oil Company, Inc., petitioner,
Appellant,

vs.

Minnesota Department of Transportation,
Respondent.

**Filed December 19, 2016
Affirmed
Bjorkman, Judge**

Goodhue County District Court
File No. 25-CV-15-785

David M. Jann, Bruce Jones, Michelle E. Weinberg, Faegre Baker Daniels, LLP, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, Jeffrey S. Thompson, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Bjorkman, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

In this mandamus action seeking inverse condemnation, appellant challenges the grant of summary judgment to respondent, arguing the district court erred by denying

compensation for respondent's unconstitutional taking. Because a taking did not occur, we affirm.

## FACTS

Appellant Cannon Falls Oil Company, Inc. owns a parcel of land (the property) on which it operates a gas station, convenience store, and car wash. The property is located at 1103 Fourth Street South in Cannon Falls. The western boundary of the property abuts Fourth Street (a north-south road) while the northern, southern, and eastern boundaries abut private property. A road runs perpendicular to and intersects Fourth Street across from the property, forming a T-shaped intersection. Prior to 2014, both Fourth Street and the intersecting road were part of County Highway 24.

Prior to 2014, the spur of County Highway 24 that ran perpendicular to Fourth Street intersected Highway 52 at an at-grade intersection approximately one block west of the property. Patrons could access the property by exiting Highway 52 at the intersection, traveling one block east, and then crossing Fourth Street at the T-shaped intersection. Fourth Street also intersected Highway 52 at an at-grade intersection located approximately 1,900 feet south of the property.

In 2013, respondent Minnesota Department of Transportation (MnDOT) commenced a project to transform Highway 52 into a controlled-access highway (the project). As part of the project, both at-grade intersections of County Highway 24 and Highway 52 were closed. In addition, Goodhue County relocated County Highway 24. The spur of County Highway 24 that ran east from Highway 52 to the T-shaped intersection was renamed Hickory Drive. Hickory Drive no longer intersects Highway 52; it ends in a

cul-de-sac. Fourth Street still runs south from the property. But instead of veering to the west and intersecting Highway 52, it continues south and veers to the east, ultimately intersecting the relocated County Highway 24 at a roundabout. The new County Highway 24 then continues westward to another roundabout, which allows access to Highway 52 via an on-ramp.

On April 15, 2015, Cannon Oil petitioned for a writ of mandamus, seeking to compel MnDOT to commence condemnation proceedings. Cannon Oil argued that the property abuts the County Highway 24 right-of-way, and therefore it had a property right of access to and from County Highway 24. Cannon Oil further argued that this right included reasonable access to and from the main thoroughfare—Highway 52. Cannon Oil asserted that the project constituted a taking of its property rights for two reasons. First, the project installed cul-de-sacs that impacted use of the roadways abutting the property. Second, patrons can no longer travel between County Highway 24 and Highway 52, the main thoroughfare, in a reasonably convenient and suitable manner. Cannon Oil cited a significant decrease in revenue as evidence the project resulted in a diminution of the property's market value.

Both parties moved for summary judgment. Cannon Oil argued that a taking occurred and that it was entitled to compensation under Minn. Stat. § 160.08, subd. 5 (2014). MnDOT asserted the case should be dismissed as a matter of law because the property does not abut Highway 52 (so the project did not appropriate Cannon Oil's access rights to Highway 52), the relocation of County Highway 24 was not compensable, and the

project did not disturb the property's access to Fourth Street, the only street the property abuts.

Following a hearing, the district court granted MnDOT's motion for summary judgment. The district court reasoned that Cannon Oil did not have a property right of access to Highway 52, and therefore the project did not result in a taking. The district court further noted that the only road abutting the property is Fourth Street, and the project did not result in the construction of a cul-de-sac limiting access to that road. Cannon Oil appeals.

## D E C I S I O N

On appeal from summary judgment, we review de novo whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013). We view the evidence in "the light most favorable to the party against whom summary judgment was granted." *STAR Centers, Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002). A genuine issue of material fact exists when there is sufficient evidence that could lead a rational trier of fact to find for the nonmoving party. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997).

Under Minn. Const. art. 1, § 13, "[p]rivate property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." Minn. Stat. § 160.08, subd. 4 (2014), provides that "[p]roperty rights, including rights of access, air, view, and light, may be acquired [by state] road authorities with respect to both private and public property by purchase, gift, or condemnation." Property owners may petition

4

the district court for a writ of mandamus to compel the state to initiate condemnation proceedings when they believe the state has effectuated an unconstitutional taking. *Dale Props., LLC v. State*, 638 N.W.2d 763, 765 (Minn. 2002).

A mandamus action requires the district court to determine, as a threshold matter, whether the state has interfered with ownership, possession, or enjoyment of a property right. *Grossman Invs. v. State by Humphrey*, 571 N.W.2d 47, 50 (Minn. App. 1997), *review denied* (Minn. Jan. 28, 1998). If the district court finds that interference has occurred, it must then decide whether the taking resulted in a definite and measurable diminution of market value of the property. *Alevizos v. Metro. Airports Comm'n,* 317 N.W.2d 352, 354 (Minn. 1982). If a compensable taking occurred, the district court may issue a writ directing the state to initiate condemnation proceedings and compensate the property owner. *Thompson v. City of Red Wing*, 455 N.W.2d 512, 518 (Minn. App. 1990), *review denied* (Minn. June 26, 1990).

The district court determined that no taking occurred. Cannon Oil challenges this determination, arguing that the project deprived Cannon Oil of its property right of reasonably convenient and suitable access to the abutting roadway. Cannon Oil also asserts that it is entitled to compensation under Minn. Stat. § 160.08, subd. 5. We address each argument in turn.

## I.     The project did not result in a taking of Cannon Oil's property.

"Owners of property abutting a public roadway have a right to reasonably convenient and suitable access to the roadway." *Oliver v. State ex rel. Comm'r of Transp.*, 760 N.W.2d 912, 916 (Minn. App. 2009) (quotation omitted), *review granted* (Minn. Apr.

29, 2009), *and appeal dismissed* (Minn. Nov. 16, 2009).  This access right is "a property right in the nature of an easement."  *State by Mondale v. Gannons, Inc.*, 275 Minn. 14, 24, 145 N.W.2d 321, 329 (1966).  Thus, when an abutting property owner's access to a roadway is altered, a taking may occur even if no property is physically appropriated.  *Grossman*, 571 N.W.2d at 50.  "An abutting owner under Minnesota statutes . . . is one whose property abuts the right of way, whether or not the edge of the traveled portion of the highway is also the right-of-way line."  *State by Spannaus v. Nw. Airlines, Inc.,* 413 N.W.2d 514, 518 (Minn. App. 1987), *review denied* (Minn. Nov. 24, 1987).

A.      **The property does not abut the County Highway 24 spur.**

Cannon Oil argues that the project resulted in a taking because the spur of County Highway 24, which used to intersect Highway 52, now ends in a cul-de-sac.  MnDOT concedes that the spur now ends in a cul-de-sac, but argues that the property does not abut the spur.  We agree with MnDOT.

A property abuts a roadway if it abuts the roadway's right of way.  *Id.*  The undisputed right-of-way maps show that prior to the project, the right of way for the County Highway 24 spur ended at the *western* boundary of the Fourth Street right of way.  The western boundary of the property ended at the *eastern* boundary of the Fourth Street right of way.  Because the property does not abut the spur's right of way, Cannon Oil had no right of access to the spur.

Cannon Oil appears to argue that because both the spur and Fourth Street were part of the pre-project County Highway 24, it had a right of access to both roadways.  But it cites no legal authority to support the argument that abutting one segment of a highway

6

gives a property owner a right of access to all other segments of that highway. Because the right-of-way maps show that at all relevant times the property has only abutted Fourth Street's right of way, Cannon Oil had no property right of access to the County Highway 24 spur.

**B.    The project did not deprive the property of reasonably convenient and suitable access to the abutting roadway.**

An abutting landowner may be entitled to damages when a highway modification project substantially impairs "reasonably convenient and suitable access to the main thoroughfare." *Beer v. Minn. Power & Light Co.*, 400 N.W.2d 732, 734 (Minn. 1987). Whether there has been a taking of reasonably convenient and suitable access is a mixed question of fact and law. *Grossman*, 571 N.W.2d at 50. Whether reasonably convenient and suitable access exists is a question of fact that is determined based on the particular circumstances of each case. *Id.* But whether a change in access constitutes a taking is a matter of law that we review de novo. *Oliver,* 760 N.W.2d at 916.

Cannon Oil argues that the project resulted in the loss of reasonably convenient and suitable access to the main thoroughfare—Highway 52. It contends that its right of access to the abutting roadway, Fourth Street, includes the right to get from Fourth Street to Highway 52 in a reasonably convenient and suitable manner. We are not persuaded. Cannon Oil correctly observes that various cases establish a property owner's right to reasonably convenient access to a main thoroughfare. *See Dale Props.*, 638 N.W.2d at 766 (stating a property owner's right of access includes "reasonably convenient and suitable access to the main thoroughfare in at least one direction"); *see also Hendrickson v. State*,

7

267 Minn. 436, 446, 127 N.W.2d 165, 173 (1964) (restating the same principle). But in those cases, the main thoroughfares were highways that abutted the subject properties, not merely the most traveled roadways in the area. This distinction makes a difference.

Cannon Oil cites to *Johnson Bros. Grocery, Inc. v. State, Dep't of Highways*, in which the subject property originally abutted a highway. 304 Minn. 75, 76, 229 N.W.2d 504, 504-05 (1975). The highway was later moved, but a direct-access opening was created across from the property.[1] *Id.* at 76, 229 N.W.2d at 505. Patrons leaving the property could cross a roadway and enter the highway directly using the opening. *Id.* During a subsequent highway-improvement project, the direct-access opening was closed. *Id.* As a result, patrons no longer had direct access to the highway from the property and had to use a circuitous route to access the highway. *Id.* The supreme court determined that a taking took place in two stages. *Id.* at 78, 229 N.W.2d at 505. The first stage occurred when the property suffered a partial limitation of its right of access when the highway was relocated; the second stage occurred when the property's direct-access opening was closed. *Id.*

In *Courteaus, Inc. v. State, Dep't of Highways*, the supreme court rejected an inverse-condemnation claim brought by the owners of property that did not abut a relocated highway. 268 N.W.2d 65, 67-68 (Minn. 1978). The highway in question was the same as in *Johnson Bros.* The supreme court explained that following the original relocation of the highway, the relocated highway "was built upon a new right-of-way which abutted the

---

[1] While it is true that the property abutted Highway 52 until the 1970s, following the relocation of Highway 52 the property was not afforded a direct-access opening to Highway 52.

8

Johnson Brothers property" and that property "was afforded a direct-access opening to the highway which was taken in 1973." *Id.* In contrast, the *Courteaus* court determined there was no right to compensation because the property was never afforded direct access to the highway and did not abut the highway right of way. *Id.* at 66-67.

As in *Courteaus*, Cannon Oil's property did not have a direct-access opening to Highway 52 after the 1970s. Accordingly, *Johnson Bros.* does not support the conclusion that a taking occurred here. Like the property in *Courteaus*, the property had convenient, but indirect, access to the highway. Because the access was indirect, the property "had no vested property interest" in retaining the same access. *Id.* at 68.

Moreover, Cannon Oil's argument that its right of access includes reasonably convenient and suitable access to Highway 52, the most heavily traveled road in the area, is inconsistent with caselaw. In *Hendrickson*, the supreme court noted that "[t]hose who are not abutting owners have no right to damages merely because access to a conveniently located highway may be denied, causing them to use a more circuitous route." 267 Minn. at 442, 127 N.W.2d at 170-71; *see also Courteaus*, 268 N.W.2d at 68 (acknowledging this principle). As discussed above, an owner only has a right of access to roadways that abut his property. *Oliver*, 760 N.W.2d at 916. Cannon Oil does not abut Highway 52. The fact that patrons must travel a more circuitous route between the property and Highway 52 does not entitle Cannon Oil to damages. *Hendrickson*, 267 Minn. at 442, 127 N.W.2d at 170-71.

The dispositive question is whether the property still has reasonably convenient and suitable access to Fourth Street, the only roadway it has ever abutted. We conclude that it

9

does.  The project did not alter direct access to the property from Fourth Street; patrons may still access the property directly from both the northbound and southbound lanes. Fourth Street was only reconfigured south of the property.  Whereas it previously veered westward and intersected Highway 52 approximately 1,900 feet south of the property, it now veers eastward and intersects the new County Highway 24, which then intersects Highway 52 approximately 3,400 feet southeast of the property.  In sum, the project did not alter the property's access to Fourth Street; it merely created a more circuitous route to Highway 52.  This does not entitle Cannon Oil to damages.  *Courteaus*, 268 N.W.2d at 65 (noting compensation need not be paid when a highway project results in a nonabutting landowner and the general public having to "use a more circuitous means of highway access").  Because Cannon Oil still has reasonably convenient and suitable access to Fourth Street, a taking did not occur.

**II.     Cannon Oil is not entitled to compensation under Minn. Stat. § 160.08, subd. 5.**

Minn. Stat. § 160.08, subd. 5 provides that road authorities

> may locate, establish, and construct controlled-access highways, or may designate and establish an existing street or highway as a controlled-access highway.  Such road authorities are authorized to provide for the elimination of grade intersections of controlled-access highways with other existing streets or highways of any kind or nature whatsoever. . . .  In the case of any elimination of existing access, air, view, light, or other compensable property rights, the owner shall be compensated for the loss by purchase or condemnation.

Cannon Oil argues that it is entitled to compensation under the statute because the project resulted in loss of its existing access to County Highway 24 and Highway 52.  In essence,

10

Cannon Oil contends that the statute should be interpreted to mean the elimination of any existing access is automatically compensable. We are not persuaded.

In *Grossman*, we observed that "Minn. Stat. § 160.08, subd. 5 does not automatically confer a right to compensation." 571 N.W.2d at 51. Rather, the statute refers to "compensable property rights." *Id.* We further determined that because the statute does not define "compensable property rights," we must look to caselaw to define such rights. *Id.* Caselaw does not support Cannon Oil's assertion that the elimination of any existing access is compensable.

In *Courteaus*, our supreme court explained that

> [u]nder Minn. Stat. § 160.08, subd. 5, elimination of an abutting property owner's access to an existing street or highway in the course of upgrading that roadway to a controlled-access highway is treated as the taking of a property right for which the owner shall be compensated by purchase or condemnation.

268 N.W.2d at 66. And in *Recke v. State*, the supreme court observed that under Minn. Stat. § 160.08, subd. 5, compensation is warranted when the construction of a controlled-access highway deprives an abutting property owner of reasonably convenient and suitable access to a roadway in at least one direction. 298 Minn. 500, 502-04, 215 N.W.2d 786, 787-89 (1974). Accordingly, owners only have "compensable property rights" to access abutting roadways under Minn. Stat. § 160.08, subd. 5. Because the property does not abut Highway 52 and the project did not eliminate Cannon Oil's access to Fourth Street, the only abutting roadway, Cannon Oil is not entitled to compensation under Minn. Stat. § 160.08, subd. 5.

11

Finally, we acknowledge that Cannon Oil has experienced a significant decrease in revenue following completion of the project. But the law does not permit compensation under these circumstances. It is not the role of this court to expand existing law to provide compensation to non-abutting landowners. *See Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn. App. 1987), *review denied* (Minn. Dec. 18, 1987) (stating that "the task of extending existing law falls to the supreme court or the legislature"). The district court did not err in granting summary judgment in favor of MnDOT.

**Affirmed.**